**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO:**

VIKTORIIA POPOVA, on behalf of herself
and all others similarly situated,

      Plaintiff(s),
      v.

INVESTMENTS 41 LLC d/b/a BLACK MARKET
MIAMI, and ERICK PASSO, individually,

      Defendants.

_____/

**CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, VIKTORIIA POPOVA ("Plaintiff") on behalf of herself and all others similarly

situated, and pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, Fla. Stat. § 448.440, and Art. X,

Sec. 24 of the Florida Constitution, files this Class/Collective Action Complaint for Damages and

Demand for Jury Trial against Defendants, INVESTMENTS 41 LLC d/b/a BLACK MARKET

MIAMI ("Black Market Miami") and ERICK PASSO ("Passo"), individually, (Black Market

Miami and Passo collectively referred to as "Defendants"), for their failure to pay restaurant

Servers and Bartenders state and federal minimum wages during the relevant time period, as

follows:

**INTRODUCTION**

1.      Plaintiff brings this collective and class action under the Fair Labor Standards Act

("FLSA"), the Florida Minimum Wage Act ("FMWA") and Art. X, Sec. 24 of the Florida

Constitution on behalf of herself and all restaurant servers and bartenders who work or have

worked at Black Market Miami restaurant located at 168 SE 1st Street, Store 1A, Miami, FL 33131

during the applicable statute of limitations. Defendants committed federal and state minimum

wage violations because they failed to provide Servers and Bartenders with statutorily required tip notice, allowed supervisors, managers and/or team leaders to participate in sharing portions of a tip pool, required servers and bartenders to attend *unpaid* monthly meetings, paid Servers and Bartenders under the applicable minimum wage during training periods, and compensated Servers and Bartenders at the reduced wage notwithstanding that Servers and Bartenders are required to spend more than 20% of their workweek performing non-tipped duties and side work. Defendants have also violated state and federal law by claiming a tip credit during shifts when Servers and Bartenders are required to spend 30 or more continuous minutes on side work and non-tipped duties. As a result, Plaintiff, and similarly situated Servers and Bartenders have been denied federal and state minimum wages during various workweeks within the relevant time period.

## PARTIES

2.      During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      Plaintiff and the **FLSA putative collective members** are/were restaurant Servers and/or Bartenders who worked for Defendants within the last three (3) years at the Black Market Miami restaurant located at 168 SE 1st Street, Store 1A, Miami, FL 33131.

4.      Plaintiff and the **FMWA putative class members** are/were restaurant Servers and Bartenders who worked for Defendants within the last five (5) years at Black Market Miami restaurant located at 168 SE 1st Street, Store 1A, Miami, FL 33131.

5.      Plaintiff worked for Defendants as a restaurant Server and Bartender at Black Market Miami located at 168 SE 1st Street, Store 1A, Miami, FL 33131 from on or about January 1, 2022, until on or about August 14, 2022.

6.      The proposed collective and class members worked for Defendants in the same capacity as Plaintiff in that they were restaurant Servers and/or Bartenders for Defendants at the same Black Market Miami restaurant located at 168 SE 1st Street, Store 1A, Miami, FL 33131.

7.      Plaintiff seeks certification of five (5) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

> **Tip Notice Collective: All servers and bartenders who worked for Defendants during the three (3) years preceding this lawsuit who did not receive proper notice from Defendants that they would be taking a tip credit toward the required federal minimum wage.**
>
> **Unpaid Meeting Collective: All servers and bartenders who worked for Defendants during the three (3) years preceding this lawsuit who were required to attend one or more monthly meetings without compensation.**
>
> **80/20 Collective: All servers and bartenders who worked for Defendants during the three (3) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and did not receive the full applicable minimum wage for this work.**
>
> **Substantial Side Work Collective: All servers and bartenders who worked for Defendants on or after December 28, 2021, who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift.**
>
> **Tip Disgorgement Collective: All servers and bartenders who worked for Defendants after March 23, 2018, who were required to share any of their tips with Supervisors, Managers, or Team Leaders.**

8.      Plaintiff seeks certification of six (6) separate classes under Fed. R. Civ. P. 23, the FMWA, and Florida Constitution for Florida Minimum Wage violations, as follows:

> **Tip Notice Class: All servers and bartenders who worked for Defendants during the five (5) years preceding this lawsuit, who were not provided the appropriate tip credit notice pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

**Unpaid Meeting Class: All servers and bartenders who worked for Defendants during the five (5) years preceding this lawsuit who were required to attend one or more monthly meetings without compensation.**

**Training Class: All servers and bartenders who worked for Defendants during the five (5) years preceding this lawsuit who were paid less than the applicable Florida minimum wage for any hours worked during training.**

**80/20 Class: All servers and bartenders who worked for Defendants during the five (5) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and did not receive the full applicable Florida minimum wage.**

**Substantial Side Work Class: All servers and bartenders who worked for Defendants on or after December 28, 2021, who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift.**

**Tip Disgorgement Class: All servers and bartenders who worked for Defendants after March 23, 2018, who were required to share any of their tips with Supervisors, Managers, or Team Leaders.**

9.     The precise size and identity of each collective and class should be ascertainable from the business records, tax records, and/or personnel records of Defendants; however, Plaintiff estimates that the total number of class members in each class above exceeds 150 restaurant Servers and Bartenders.[1]

10.     During all times material hereto, Defendant, Investments 41 LLC d/b/a Black Market Miami, was a Florida limited liability company operating and transacting business within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

---

[1] Because the Substantial Side Work Class and Collective are limited in scope to violations occurring after December 28, 2021, Plaintiff estimates that there are approximately 50 putative members of the Substantial Side Work Class and Collective.

11.     Defendant, Passo, is a resident of Miami-Dade County, Florida, and is subject to the jurisdiction of this Honorable Court.

12.     During all times material hereto, Defendants owned, operated, and controlled the Black Market Miami Restaurant located at 168 SE 1st Street, Store 1A, Miami, FL 33131.

13.     Defendants were the "employer" of Plaintiff and all members of the putative Classes and Collectives as that term is defined by the FLSA and FMWA, during all times pertinent to the allegations herein.

14.     Defendants were also "joint employers" of Plaintiff and all members of the putative Classes and Collectives as that term is defined by the FLSA, FMWA, and all pertinent regulations during all times material hereto.

15.     During all times material hereto, Defendant, Investments 41 LLC d/b/a Black Market Miami, was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Black Market Miami Restaurant located at 168 SE 1st Street, Store 1A, Miami, FL 33131.

16.     During all times material hereto, Defendant, Passo, was also vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Black Market Miami restaurant located at 168 SE 1st Street, Store 1A, Miami, FL 33131.

17.     Defendants implement uniform pay, tip, and time-keeping practices at the Black Market Miami restaurant that apply to all restaurant Servers and Bartenders.

18.     Plaintiff and putative collective and class members are/were non-exempt, hourly restaurant Servers and Bartenders.

## JURISDICTION AND VENUE

19.     This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the Florida Minimum Wage Act ("FMWA") and Article X Section 24 of the Florida Constitution to recover damages from Defendants, injunctive relief, and reasonable attorney's fees and costs.

20.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367

21.     The acts and/or omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court.

22.     Defendants regularly transact business in Miami-Dade County, Florida, and jurisdiction is therefore proper.

23.     Venue is also proper within Miami-Dade County, Florida.

24.     Plaintiff fulfilled all conditions precedent required to bring her class action claims under the FMWA.

25.     More specifically, on September 8, 2022, Plaintiff, through her counsel, served Defendants with a written pre-suit demand and notice regarding her FMWA claims, requesting that Defendants pay her and the putative FMWA classes the minimum wages owed to them. Defendants refused to pay Plaintiff or the FMWA classes any wages whatsoever.

## FLSA COVERAGE

26.     Defendant, Investments 41 LLC d/b/a Black Market Miami, is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendants had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

27.     During all time periods pertinent hereto, Defendant, Black Market Miami's employees regularly handled goods such as food, beverages, napkins, silverware, appliances, rice, beer, corona extra, corona light, vodka, Jack Daniels whiskey, meat, chicken, pork, cheese, broccoli, carrots, peas, oil, zucchini, wings, mahi mahi, salmon, onions, peppers, crab, vinegar sauce, shrimp, beef, steak, potatoes, bread, hot sauce, cheese, marinara sauce, pretzels, buns, nachos, calamari, chicken tenders, jalapenos, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, mints, flour, sugar, coffee, tea, soda, water bottles, and other materials that had previously travelled through interstate commerce.

28.     Defendant, Investments 41 LLC d/b/a Black Market Miami, had annual gross revenue in excess of $500,000.00 in 2017, 2018, 2019, 2020, 2021 and is expected to gross in excess of $500,000.00 in 2022.

## GENERAL ALLEGATIONS

29.     During all times material hereto, Defendant, Passo, was an owner, operator, and corporate officer of Investments 41 LLC d/b/a Black Market Miami.

30.     Defendant, Passo, had supervisory authority over Plaintiff and all other Servers and Bartenders during all times material hereto.

31.     Plaintiff worked for Defendants as a restaurant Server and Bartender during her employment period.

## DEFENDANTS FAIL TO PROVIDE SUFFICIENT NOTICE OF THE TIP CREDIT

32.     When Defendants hire Servers and Bartenders they fail to provide sufficient notice of the tip credit under federal and Florida law.

33.     During Plaintiff's employment period, Defendants **did not:** (1) provide statutorily required tip notice under federal and/or Florida law; (2) pay the applicable Florida minimum wage for training; (3) pay Servers or Bartenders for the time they were required to spend at mandatory company meetings; or (4) track the time Servers or Bartenders spent performing side work and non-tipped duties.

34.     Moreover, during all times material hereto, Defendants claimed a tip credit under federal and Florida and paid Plaintiff and all other Servers and Bartenders the reduced wage for tipped employees, including during shifts when they spent a substantial amount of continuous time performing side work and non-tipped duties for 30 or more minutes.

35.     In addition, during all times material hereto, Defendants implemented an unlawful tip pool in which they required Servers and Bartenders to share their tips with Supervisors, Managers and/or Team Leads.

### DEFENDANTS PAY SERVERS AND BARTENDERS LESS THAN THE FLORIDA MINIMUM WAGE DURING TRAINING PERIODS

36.     During training periods in the restaurant, the Defendants do not allow Servers and Bartenders to receive tips.

37.     Furthermore, Defendants do not pay Servers and Bartenders the full Florida minimum wage for each hour worked during training.

38.     For example, when Plaintiff worked during her training period in January 2022, she was compensated $9.00 per hour – less than the applicable Florida minimum wage in 2022.

39.     Defendants failed to pay Servers and Bartenders in accordance with the Florida minimum wage during training periods within the 5-year period preceding the filing of this lawsuit.

### DEFENDANTS FORCE SERVERS AND BARTENDERS TO ATTEND MONTHLY MEETINGS WITHOUT PAY

40.     Following their training periods, Plaintiff and all other similarly situated Servers and Bartenders were paid a reduced minimum wage.

41.     Each month the Defendants hold mandatory meetings at the restaurant and required all Servers and Bartenders to attend these mandatory meetings.

42.     Each monthly meeting lasted approximately 2-3 hours.

43.     During monthly meetings, Defendants discuss upcoming events and staff changes and train servers and bartenders on new liquor, beer, and other menu items.

44.     Monthly meetings are/were predominantly for the benefit of Defendants.

45.     Plaintiff and all other Servers and Bartenders did not volunteer to attend monthly meetings.

46.     Nevertheless, during all times material hereto, Defendants refused to pay Plaintiff and all other similarly situated employees for their attendance at monthly meetings.

**DEFENDANTS REQUIRE PLAINTIFF AND SIMILARLY SITUATED SERVERS AND BARTENDERS TO SPEND MORE THAN 20% OF THE WORKWEEK ON NON-TIPPED DUTIES AND SIDE WORK**

47.     Federal law prohibits employers from taking a tip credit when an employee performs non-tip generating duties for more than 20% of their workweek.  Rafferty v. Denny's Inc., 13 F4th 1166, 1188 (11th Cir. 2021). In other words, when restaurant servers and bartenders spend 20% or more of any respective workweek on non-tip generating duties and side work, they must be paid the full minimum wage, as opposed to the reduced minimum wage for tipped employees.[2]  Id.

---

[2] The maximum tip credit permissible under federal law is $2.13 cents and $3.02 cents under state law. However, as stated above, an employer cannot claim a tip credit if its employee spends more than 20% of any respective workweek performing non-tip producing duties.

48.     Defendants claimed a tip credit for all of Plaintiff's work (except training), including during workweeks in which Plaintiff spent more than 20% of her time on non-tip producing duties and side work.

49.     Upon information and belief, Defendants compensated Servers and Bartenders at the reduced wage of $5.08 per hour for their first forty (40) hours of work per week in 2017.

50.     Upon information and belief, Defendants compensated Servers and Bartenders at the reduced wage of $5.23 per hour for their first forty (40) hours of work per week in 2018.

51.     Upon information and belief, Defendants paid Servers and Bartenders the reduced cash wage of $5.44 per hour in 2019, $5.54 per hour in 2020, $5.63 per hour from January 1, 2021, through September 29, 2021, and $6.98 per hour from September 30, 2021, through September 29, 2022, and $7.98 from September 30, 2022 through the present.

52.     During her employment period with the Defendants, Plaintiff and members of the putative collectives and classes of Servers and Bartenders were assigned both "opening" shifts and "closing" shifts.

53.     Prior to opening the restaurant, for period of more than thirty (30) continuous minutes – Defendants instructed Plaintiff and all other similarly situated restaurant Servers and Bartenders to unstack chairs, wipe down surfaces, prepare lights and signs, prepare and stock server stations, clean glasses, cut fruit, fill salt and pepper shakers, roll silverware, set tables, clean the beverage stations, clean tables, clean condiments, clean the outside of the restaurant, sweep the floor, make coffee, brew tea, make drinks, and perform additional side work and "non-tipped" duties which are merely incidental or completely unrelated to the employees' tipped duties.

54.     Furthermore, prior to the restaurant opening to the public, Plaintiff and the other Servers and Bartenders were paid the reduced wage, even though the restaurant was closed, and its employees could not earn any tips.

55.     When working the "closing" shift, Plaintiff and all other similarly situated Servers and Bartenders are required to remain at the restaurant after the kitchen is closed and customers have left for more than 30 continuous minutes.

56.     Throughout opening and closing shifts, Plaintiff and the putative class and collective members were required to perform the same "non-tipped" duties side work as outlined in the preceding paragraphs.

57.     At a minimum, Plaintiff and other Servers and Bartenders spent more than 20% of her workweek performing non-tipped duties and side work.

58.     As a result, Plaintiff and members of the putative collectives and classes are entitled to recover the applicable tip credit for the time they spent performing "non-tipped" incidental duties and side work during each workweek, as opposed to the reduced wage they received.

59.     Plaintiff and the *80/20 Collective* members are entitled to recover at least federal minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

60.     Similarly, Plaintiff and the *80/20 Class* members are entitled to recover at least the Florida minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

**DEFENDANTS REQUIRE PLAINTIFF AND ALL OTHER SERVERS AND BARTENDERS TO SPEND 30 OR MORE CONTINUOUS MINUTES ON NON-TIPPED DUTIES AND SIDE WORK DURING EACH SHIFT**

61.     Side work and non-tipped work which take 30 or more continuous minutes is not considered "part of the tipped occupation." *See* 29 C.F.R. § 531.56(f)(4)(ii).

11

62.     Accordingly, employers are forbidden from taking a tip credit when they compel tipped employees to spend 30 or more continuous minutes on non-tipped duties and side work.

63.     During all times material hereto, Defendants required all Servers and Bartenders to arrive at opening shifts at least 30 minutes before the restaurant was open to the public.

64.     Moreover, during all times material hereto, Defendants required Servers and Bartenders to perform side work and non-tipped duties for 30 or more continuous minutes at the end of closing shifts, often when servers and bartenders did not have any customers and the restaurant was closed to the public.

65.     Plaintiff and the *Substantial Side Work Collective* members are entitled to recover at least federal minimum wage for each the time spent performing "non-tipped" duties and side work which equals or exceeds 30 continuous minutes per shift.

66.     Plaintiff and the *Substantial Side Work Class* members are entitled to recover at least the Florida minimum wage for the time spent performing "non-tipped" duties and side work which equals or exceeds 30 continuous minutes per shift.

## CLASS ALLEGATIONS

67.     Class members are treated equally and similarly at the Black Market Miami restaurant owned and operated by Defendants, in that they were never produced statutory tip notice under Florida law.

68.     Class members are treated equally and similarly at the Black Market Miami restaurant owned and operated by Defendants, in that they were denied state minimum wages during their training periods.

69.     Class members are treated equally and similarly at the Black Market Miami restaurant owned and operated by Defendants, in that they were denied state minimum wages during workweeks when they were forced to attend monthly meetings without pay.

70.     Class members are treated equally and similarly at the Black Market Miami restaurant that is owned and operated by Defendants, in that they were denied state minimum wages when they spent more than 20% of a workweek performing "non-tipped" duties and side work.

71.     Class members are treated equally and similarly at the Black Market Miami restaurant owned and operated by Defendants, in that they were denied state minimum wages during shifts when they were required to spend 30 or more continuous minutes on non-tipped duties and side work.

72.     Class members are treated equally and similarly at the Black Market Miami restaurant that is owned and operated by Defendants, in that they were denied state minimum wages as a result of Defendants allowing Supervisors, Managers and/or Team Leads to receive portions of the Server's and Bartender's tips from the tip pool.

73.     Defendants employed at least one hundred fifty (150) Servers and Bartenders at their 168 SE 1st Street, Store 1A, Miami, FL 33131 restaurant who were not provided the required tip notice under Florida law during the past five (5) years.

74.     Defendants employed at least one hundred fifty (150) Servers and Bartenders at their 168 SE 1st Street, Store 1A, Miami, FL 33131 restaurant who were not paid the applicable minimum wage for their training periods during the past five (5) years.

75.     Defendants employed at least one hundred fifty (150) Servers and Bartenders at their 168 SE 1st Street, Store 1A, Miami, FL 33131 restaurant who were required to attend monthly

meetings with compensation of at least the applicable Florida minimum wage during the past five (5) years.

76.     Defendants employed at least one hundred fifty (150) Servers and Bartenders at their 168 SE 1st Street, Store 1A, Miami, FL 33131 restaurant who were required to spend at least 20% of their workweek performing non-tipped duties and side work during the past five (5) years.

77.     Defendants employed at least fifty (50) Servers and Bartenders at their 168 SE 1st Street, Store 1A, Miami, FL 33131 restaurant who were required to spend at least 30 continuous minutes per shift on non-tipped duties and side work during any shift on or after December 28, 2021, through the present.

78.     Defendants employed at least one hundred and fifty (150) servers and bartenders at their 168 SE 1st Street, Store 1A, Miami, FL 33131 restaurant who were required to share their tips with Supervisors, Managers and/or Team Leads, from March 23, 2018, through the present.

79.     At all times material hereto, Defendants had express or constructive knowledge of the work performed by Plaintiff and other similarly situated Servers and Bartenders.

80.     Moreover, at all times material hereto, Defendants had express or constructive knowledge of the time Plaintiff and other similarly situated employees worked but failed to keep and maintain accurate time records, thereby violating state and federal law.

81.     Plaintiff and the class members performed the same or substantially similar job duties for Defendants at their 168 SE 1st Street, Store 1A, Miami, FL 33131 restaurant, as restaurant Servers and Bartenders, and were otherwise paid in an identical manner by Defendants.

82.     During their employment, Plaintiff and one or more members of the class complained about the illegal practices above; however, Defendants took no action to stop their illegal pay practices.

83.     Although Defendants were aware of the requirements of the FLSA, Florida Constitution and FMWA, and the pertinent regulations thereto, Defendants willfully and/or intentionally failed to pay Plaintiff and the class members in accordance with state and federal law.

**COUNT I – FED. R. CIV. P. 23 CLASS ACTION**
**FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(TIP NOTICE CLASS)**

84.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 83 as though set forth fully herein.

85.     Defendants violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by taking a tip credit toward the applicable Florida minimum wage but failing to provide Plaintiff and putative class members the statutorily required tip notice within the past 5 years.

86.     Defendants therefore forfeit any tip credit under Florida law and owe each Server and Bartender *at least* $3.02 for each hour of work they performed within the past 5 years.

87.     On September 8, 2022, Plaintiff served Defendants with a written pre-suit Notice pursuant to Fla. Stat. § 448.110, on behalf of herself, and a class of all similarly situated Servers and Bartenders.

88.     More than 15 days have elapsed since Plaintiff served Defendants with her written pre-suit Notice and Defendants have failed to tender full payment to Plaintiff and the class.

89.     In 2017, the Florida Minimum Wage was $8.10 per hour.

90.     In 2018, the Florida Minimum Wage was $8.25 per hour.

91.     In 2019, the Florida Minimum Wage was $8.46 per hour.

92.     In 2020, the Florida Minimum Wage was $8.56 per hour.

93.     From January 1, 2021, through September 29, 2021, the Florida Minimum Wage was $8.65 per hour.

94.     From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

95.     From September 30, 2022, through the present the Florida Minimum Wage is/was $11.00 per hour.

96.     Plaintiff and the proposed Tip Notice Class members were subjected to similar violations of the FMWA and Florida Constitution.

97.     Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendants' failure to pay Florida minimum wages:

> **All servers and bartenders who worked for Defendants during the five (5) years preceding this lawsuit, who were not provided the appropriate tip credit notice pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

### RULE 23 CLASS ALLEGATIONS

98.     Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Notice Class").

99.     The putative Tip Notice Class members are treated equally and similarly by Defendants, in that they were denied full and proper Florida minimum wages based on Defendants' failure to provide Plaintiff and similarly situated Servers and Bartenders proper notice of Defendants' intent to rely upon a tip credit under Florida law.

100.    *Numerosity:* Defendants employed in excess of 150 Servers in the class during the past five (5) years who were not provided the required tip notice; nevertheless, Defendants claimed a tip credit for these employees. Given Defendants' considerable size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

101.    Plaintiff and the class members were subject to the same employment policies.

102.    *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the Tip Credit Class were "employees" of Defendants; (b) Whether Plaintiff and the Tip Credit Class's hours were properly recorded; (c) Whether Defendants violated the Florida minimum wage rights of Plaintiff and the Tip Notice Class under the FMWA by failing to provide sufficient notice of taking a tip credit; (d) Whether Defendants willfully or intentionally refused to pay Plaintiff and the Tip Notice Class the Florida minimum wages as required under Florida law; (e) Whether Defendants knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (f) The nature, extent, and measure of damages suffered by the Plaintiff and the Tip Notice Class based upon Defendants' conduct.

103.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Notice Class.  Plaintiff's claims arise from Defendants' company-wide policy of paying all servers and bartenders a reduced wage without providing statutorily required notice of taking a tip credit.

104.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Notice Class.  Plaintiff has no interest that might conflict with the interests of the Tip Notice Class. Plaintiff is interested in pursuing her claims against Defendants vigorously and has retained counsel competent and experienced in class and complex litigation.

105.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions

would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

106. Defendants have acted on grounds generally applicable to the Tip Notice Class, thereby making relief appropriate with respect to the Tip Notice Class as a whole. Prosecution of separate actions by individual members of the Tip Notice Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Notice Class that would establish incompatible standards of conduct for Defendants.

107. Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Notice Class.

108. Plaintiff and the Tip Notice Class members performed the same job duties, as Servers and Bartenders, and were paid in an identical manner by Defendants based on Defendants' failure to provide Plaintiff and the Tip Notice Class members the appropriate tip credit notice when Defendants claimed a tip credit.

109. Plaintiff and the Tip Notice Class members were not paid proper Florida minimum wage during the relevant time period.

110. Defendants were aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Notice Class members in accordance with the law.

111. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff

estimates that the total number of putative Tip Notice Class members exceeds 150 servers and bartenders.

112.     This action is intended to include each and every Server and/or Bartender who worked at Defendants' restaurant located at 168 SE 1st Street, Store 1A, Miami, FL 33131, during the past five (5) years who was not provided the requisite tip credit notice during any workweek.

113.     During all material times hereto, Plaintiff and all Tip Notice Class members were non-exempt employees of Defendants.

114.     Plaintiff and the Tip Notice Class members performed work as Servers and Bartenders which was an integral part of Defendants' business.

115.     Defendants violated the FMWA and Florida Constitution's provision on minimum wages by not providing Plaintiff and the putative Tip Notice Class members the requisite tip credit notice.

116.     The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Florida's minimum wage for each hour worked.

117.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendants a pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

118.     A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

119.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendants will retain the proceeds of their violations of the FMWA and Florida Constitution.

120.     Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

121.     The relief sought is common to the entire class including, inter alia: (a) Payment by Defendants of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110; (b) Payment by Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendants' intentional and/or willful violations; (c) Payment by Defendants of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

122.     Plaintiff and the Tip Notice Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendants in violation of the FMWA and Florida Constitution.

WHEREFORE, Plaintiff, VIKTORIIA POPOVA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, INVESTMENTS 41 LLC d/b/a BLACK MARKET MIAMI and ERICK PASSO, individually, and award Plaintiff, and the putative class: (a) unliquidated Florida minimum wage damages to be paid by Defendants, jointly and severally; (b) the tip credit unlawfully claimed by Defendants, to be paid by Defendants jointly and severally; (c) liquidated damages to be paid by Defendants, jointly and severally; (d) all reasonable attorney's

fees and costs permitted under Fla. Stat. § 448.110 and Florida law to be paid by Defendants, jointly and severally, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

**COUNT II – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS**
**(TIP NOTICE COLLECTIVE)**

123. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 83 as though set forth fully herein.

124. Plaintiff was entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked during her employment with Defendants.

125. Defendants attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other Servers and Bartenders with requisite notice of the tip credit required under federal law.

126. Plaintiff and the putative collective of servers and bartenders are therefore entitled to receive full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous three (3) years.

127. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Tip Notice Collective:

> **All servers and bartenders who worked for Defendants during the three (3) years preceding this lawsuit who did not receive proper notice from Defendants that they would be taking a tip credit toward the required federal minimum wage.**

128. Defendants knew Plaintiff performed work but willfully failed to pay Plaintiff full federal minimum wage, contrary to the FLSA.

129. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during her employment with Defendants.

130.    Defendants' willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, VIKTORIIA POPOVA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, INVESTMENTS 41 LLC d/b/a BLACK MARKET MIAMI and ERICK PASSO, individually, and award Plaintiff, and the putative collective: (a) unliquidated federal minimum wage damages to be paid by Defendants, jointly and severally; (b) the tip credit unlawfully claimed by Defendants, payable jointly and severally; (c) liquidated damages to be paid by Defendants, jointly and severally; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendants, jointly and severally; and any and all such further relief as this Court deems just and reasonable under the circumstances.

### COUNT III – FED. R. CIV. P. 23 CLASS ACTION
### FOR FLORIDA MINIMUM WAGE VIOLATIONS
### (UNPAID MEETING CLASS)

131.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 83 as though set forth fully herein.

132.    Defendants violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by forcing Plaintiff and all other Servers and Bartenders to attend monthly meetings without compensation.

133.    Defendants owe Plaintiff and all other similarly situated employees the full applicable Florida minimum wage for the time they were required to attend monthly meetings during the course of the previous five (5) years.

134.    Monthly meetings predominantly benefit Defendants and are not optional.

135.    Plaintiff and all other Servers and Bartenders did not volunteer to attend monthly meetings.

136.    Monthly meetings were off-the-clock, mandatory, and lasted more than an hour and were therefore more than *de minimus*.

137.    On September 8, 2022, Plaintiff served Defendants with a written pre-suit Notice pursuant to Fla. Stat. § 448.110, on behalf of herself, and a class of similarly situated Servers and Bartenders.

138.    More than 15 days have elapsed since Plaintiff served her written pre-suit Notice on Defendants, and Defendants have failed to tender full payment to Plaintiff.

139.    In 2017, the Florida Minimum Wage was $8.10 per hour.

140.    In 2018, the Florida Minimum Wage was $8.25 per hour.

141.    In 2019, the Florida Minimum Wage was $8.46 per hour.

142.    In 2020, the Florida Minimum Wage was $8.56 per hour.

143.    From January 1, 2021, through September 30, 2021, the Florida Minimum Wage was $8.65 per hour.

144.    From October 1, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

145.    From September 30, 2022, through the present the Florida Minimum Wage is $11.00 per hour.

146.    Plaintiff and the proposed Unpaid Meeting Class members were subjected to identical violations of the FMWA and Florida Constitution.

147.    Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendants' failure to pay Florida's mandated minimum wages:

> **All servers and bartenders who worked for Defendants during the five (5) years preceding this lawsuit who were required to attend one or more monthly meetings without compensation.**

### RULE 23 CLASS ALLEGATIONS

148.     Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Unpaid Meeting Class").

149.     The putative Unpaid Meeting Class members are treated equally and similarly by Defendants, in that they were denied full and proper Florida minimum wages based on Defendants' failure to pay Plaintiff and all other Servers and Bartenders any wages for mandatory monthly meetings.

150.     *Numerosity:* Defendants employed more than 150 Servers in the class during the past five (5) years who were required to attend monthly meetings without compensation. Given Defendants' considerable size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

151.     Plaintiff and the class members were subject to the same employment policies.

152.     *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the Unpaid Meeting Class were "employees" of Defendants; (b) Whether Plaintiff and the Unpaid Meeting Class's hours were properly recorded; (c) Whether Defendants violated the Florida minimum wage rights of Plaintiff and the Unpaid Meeting Class under the FMWA by requiring them to attend monthly meetings without compensation; (d) The length of monthly meetings; (e) Whether Defendants willfully or intentionally refused to pay Plaintiff and the Unpaid Meeting Class Florida minimum wages as required under Florida law; (f) Whether Defendants knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (g) The

nature, extent, and measure of damages suffered by the Plaintiff and the Unpaid Meeting Class based upon Defendants' conduct.

153.   *Typicality:* Plaintiff's claims are typical of the claims of the members of the Unpaid Meeting Class.  Plaintiff's claims arise from the Defendants' company-wide policy of requiring servers and bartenders to attend the same monthly meeting without compensation.

154.   *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Unpaid Meeting Class.  Plaintiff has no interest that might conflict with the interests of the Unpaid Meeting Class.  Plaintiff is interested in pursuing her claims against Defendants vigorously and has retained counsel competent and experienced in class and complex litigation.

155.   Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

156.   Defendants have acted on grounds generally applicable to the Unpaid Meeting Class, thereby making relief appropriate with respect to the Unpaid Meeting Class as a whole.  Prosecution of separate actions by individual members of the Unpaid Meeting Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Unpaid Meeting Class that would establish incompatible standards of conduct for Defendants.

157.    Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Unpaid Meeting Class.

158.    Plaintiff and the Unpaid Meeting Class members performed the same job duties, as servers and bartenders, and were paid in an identical manner by Defendants based on Defendants' failure to provide Plaintiff and the Unpaid Meeting Class members the appropriate tip credit notice when they took a tip credit.

159.    Plaintiff and the Unpaid Meeting Class members were not paid proper Florida minimum wage during the relevant time period.

160.    Defendants were aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Unpaid Meeting Class members in accordance with the law.

161.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of putative Unpaid Meeting Class members exceeds 150 servers and bartenders.

162.    This action is intended to include every server and/or bartender who worked at Defendants' restaurant located at 168 SE 1st Street, Store 1A, Miami, FL 33131, during the past five (5) years who was not paid for their mandatory attendance at monthly meetings.

163.    During all material times hereto, Plaintiff and all Unpaid Meeting Class members were non-exempt employees of Defendants.

164.    Plaintiff and the Unpaid Meeting Class members performed work as servers and bartenders which was an integral part of Defendants' business.

165. Defendants violated the FMWA and Florida Constitution's provision on minimum wages refusing to pay Plaintiff and the putative Unpaid Meeting Class members any wages for the time they were required to be present at monthly meetings during the previous five (5) years.

166. The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who were required to attend monthly meetings without compensation.

167. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendants a written pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

168. A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

169. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendants will retain the proceeds of their violations of the FMWA and Florida Constitution.

170. Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

171. The relief sought is common to the entire class including, inter alia: (a) Payment by Defendants of actual damages caused by their failure to pay minimum wages pursuant to the

Florida Constitution and/or F.S. § 448.110; (b) Payment by Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendants' intentional and/or willful violations; (c) Payment by Defendants of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

172.    Plaintiff and the Unpaid Meeting Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendants in violation of the FMWA and Florida Constitution.

WHEREFORE, Plaintiff, VIKTORIIA POPOVA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, INVESTMENTS 41 LLC d/b/a BLACK MARKET MIAMI and ERICK PASSO, individually, and award Plaintiff, and the putative class: (a) unliquidated Florida minimum wage damages to be paid by Defendants, jointly and severally; (b) liquidated damages to be paid by Defendants, jointly and severally; (c) all reasonable attorney's fees and costs permitted under Fla. Stat. § 448.110 and Florida law to be paid by Defendants, jointly and severally, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

### COUNT IV – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (UNPAID MEETING COLLECTIVE)

173.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 83 as though set forth fully herein.

174.    Plaintiff was entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked during her employment with Defendants.

175.    Defendants forced Plaintiff and all other similarly situated Servers and Bartenders to attend monthly meetings without compensation.

176.    Monthly meetings were not optional during the previous three (3) years.

177.    Monthly meetings were mandatory during the previous (3) years.

178.    Monthly meetings were predominantly for the benefit of Defendants during the previous three (3) years.

179.    Monthly meetings were off-the-clock, mandatory, and lasted more than an hour and were therefore more than *de minimus* during the previous three (3) years.

180.    Plaintiff did not volunteer to attend monthly meetings during the previous three (3) years.

181.    Plaintiff and the putative collective of Servers and Bartenders are therefore entitled to receive full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous (3) years, including the time they were required to attend monthly meetings.

182.    Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Unpaid Meeting Collective:

> **All servers and bartenders who worked for Defendants during the three (3) years preceding this lawsuit who were required to attend one or more monthly meetings without compensation.**

183.    Defendants knew Plaintiff performed work but willfully failed to pay Plaintiff full federal minimum wage, contrary to the FLSA.

184.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during her employment period.

185.    Defendants' willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, VIKTORIIA POPOVA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, INVESTMENTS 41 LLC d/b/a BLACK

MARKET MIAMI and ERICK PASSO, individually, and award Plaintiff, and the putative collective: (a) unliquidated federal minimum wage damages to be paid by Defendants, jointly and severally; (b) liquidated damages to be paid by Defendants, jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendants jointly and severally; and any and all such further relief as this Court deems just and reasonable under the circumstances.

**COUNT V – FED. R. CIV. P. 23 CLASS ACTION**
**FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(TRAINING CLASS)**

186.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 83 as though set forth fully herein.

187.    Defendants violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by paying Plaintiff and all other similarly situated Servers and Bartenders under the applicable Florida minimum wage during training.

188.    Defendants owe Plaintiff and all other similarly situated employees the full applicable Florida minimum wage for their training period.

189.    On September 8, 2022, Plaintiff served Defendants with a written pre-suit Notice pursuant to Fla. Stat. § 448.110, on behalf of herself, and a class of all similarly situated Servers and Bartenders.

190.    More than 15 days have elapsed since Plaintiff served her written pre-suit Notice on Defendants, and Defendants have failed to tender full payment to Plaintiff.

191.    In 2017, the Florida Minimum Wage was $8.10 per hour.

192.    In 2018, the Florida Minimum Wage was $8.25 per hour.

193.    In 2019, the Florida Minimum Wage was $8.46 per hour.

194.    In 2020, the Florida Minimum Wage was $8.56 per hour.

195.    From January 1, 2021, through September 30, 2021, the Florida Minimum Wage was $8.65 per hour.

196.    From October 1, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

197.    From September 30, 2022, through the present the Florida Minimum Wage is $11.00 per hour.

198.    Plaintiff and the proposed Training Class members were subjected to identical violations of the FMWA and Florida Constitution.

199.    Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendants' failure to pay Florida's mandated minimum wages:

> **All servers and bartenders who worked for Defendants during the five (5) years preceding this lawsuit who were paid less than the applicable Florida minimum wage for any hours worked during training.**

## RULE 23 CLASS ALLEGATIONS

200.    Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Training Class").

201.    The putative Training Class members are treated equally and similarly by Defendants, in that they were denied full and proper Florida minimum wages based upon Defendants' failure to pay Plaintiff and all other Servers and Bartenders the applicable state minimum wage during their training periods.

202.    *Numerosity:* Defendants employed more than 150 Servers in the class during the past five (5) years who were not provided the paid the applicable minimum wage during training. Given Defendants' considerable size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

203.    Plaintiff and the class members were subject to the same employment policies.

204.    *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.   Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the Training Class were "employees" of Defendants; (b) Whether Plaintiff and the Training Class's hours were properly recorded; (c) Whether Defendants violated the Florida minimum wage rights of Plaintiff and the Training Class under the FMWA by paying them a subminimum wage during training periods; (d) Whether Defendants willfully or intentionally refused to pay Plaintiff and the Training Class Florida minimum wages as required under Florida law; (f) Whether Defendants knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (g) The nature, extent, and measure of damages suffered by the Plaintiff and the Training Class based upon Defendants' conduct.

205.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Training Class.   Plaintiff's claims arise from the Defendants' company-wide policy of paying servers and bartenders a sub-minimum wage during training periods.

206.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Training Class.   Plaintiff has no interest that might conflict with the interests of the Training Class.   Plaintiff is interested in pursuing her claims against Defendants vigorously and has retained counsel competent and experienced in class and complex litigation.

207.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.   Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

208. Defendants have acted on grounds generally applicable to the Training Class, thereby making relief appropriate with respect to the Training Class as a whole. Prosecution of separate actions by individual members of the Training Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Training Class that would establish incompatible standards of conduct for Defendants.

209. Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Training Class.

210. Plaintiff and the Training Class members performed the same or substantially similar duties during their training periods, as servers and bartenders, and were paid in an identical manner by Defendants based on Defendants' failure to pay Plaintiff and the Training Class members the applicable state minimum during training periods.

211. Plaintiff and the Training Class members were not paid proper Florida minimum wage during the relevant time period.

212. Defendants were aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Training Class members in accordance with the law.

213. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff

estimates that the total number of putative Training Class members exceeds 150 servers and bartenders.

214.    This action is intended to include every server and/or bartender who worked at Defendants' restaurant located at 168 SE 1st Street, Store 1A, Miami, FL 33131, during the past five (5) years who was not paid the applicable state minimum wage during their training period.

215.    During all material times hereto, Plaintiff and all Training Class members were non-exempt employees of Defendants.

216.    Plaintiff and the Training Class members performed work as servers and bartenders which was an integral part of Defendants' business.

217.    Defendants violated the FMWA and Florida Constitution's provision on minimum wages refusing to pay Plaintiff and the putative Training Class members the applicable state minimum wage during training periods over the course of the previous five (5) years.

218.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who were not paid the full state minimum wage during training periods.

219.    Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendants a pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

220.    A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

221.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendants will retain the proceeds of their violations of the FMWA and Florida Constitution.

222.     Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

223.     The relief sought is common to the entire class including, inter alia: (a) Payment by Defendants of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110; (b) Payment by Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendants' intentional and/or willful violations; (c) Payment by Defendants of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

224.     Plaintiff and the Training Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendants in violation of the FMWA and Florida Constitution.

WHEREFORE, Plaintiff, VIKTORIIA POPOVA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, INVESTMENTS 41 LLC d/b/a BLACK MARKET MIAMI and ERICK PASSO, individually, and award Plaintiff, and the putative class: (a) unliquidated Florida minimum wage damages to be paid by Defendants, jointly and severally; (b) liquidated damages to be paid by Defendants, jointly and severally; (c) all reasonable attorney's fees and costs permitted under Fla. Stat. § 448.110 and Florida law to be paid by Defendants,

jointly and severally, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

**COUNT VI – FED. R. CIV. P. 23 CLASS ACTION**
**FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(80/20 CLASS)**

225. Plaintiff hereby re-avers Paragraphs 1 through 83 as though set forth fully herein.

226. Defendants claimed a tip credit under Florida law for each hour of work performed by Plaintiff and all other Servers and Bartenders during the previous five (5) years (except for training periods).

227. Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to be paid Florida's full minimum wage during their employment with Defendants.

228. Plaintiff and the proposed class members were subjected to similar violations of Florida law as a result of Defendants' failure to pay them the full state minimum wage when they were required to spend more than 20% of their workweek performing non-tipped duties and side work.

229. Plaintiff seeks recovery of Florida minimum wages under Fed. R. Civ. P. 23 for herself and the following class for Defendants' failure to pay constitutionally mandated state minimum wages:

> **All servers and bartenders who worked for Defendants during the five (5) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and did not receive the full applicable Florida minimum wage.**

### RULE 23 CLASS ALLEGATIONS

230. Plaintiff brings her FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class.

231.    The putative 80/20 Class members are treated equally and similarly by Defendants, in that they were denied Florida minimum wages based upon the Defendants requiring Plaintiff and similarly situated servers and bartenders to spend more than 20% of their workweek performing non-tipped duties and side work.

232.    *Numerosity:* Defendants employed at least 150 servers and bartenders at their restaurant located at 168 SE 1st Street, Store 1A, Miami, FL 33131during the past five (5) years who were required to spend at least 20% of their workweek performing non-tipped duties and side work and were not paid the pertinent Florida minimum wage.  Given Defendants' size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

233.    Plaintiff and the 80/20 Class members were victims of the same policies, including Defendants' requirement that employees spend at least 20% of each workweek performing non-tipped duties and side work.

234.    *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the 80/20 Class members were "employees" of Defendants; (b) Whether Plaintiff and the 80/20 Class's hours were properly recorded; (c) Whether Defendants violated the Florida minimum wage rights of Plaintiff and the 80/20 Class under the FMWA and Florida Constitution by failing to compensate the putative class the full state minimum wage when they spent more than 20% of their workweek performing non-tipped duties and side work; (d) Whether Defendants willfully or intentionally refused to pay Plaintiff and the 80/20 Class Florida minimum wages; (e) Whether Defendants knew or should have known of the Florida minimum

wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll and time keeping practices; and (f) The nature, extent, and measure of damages suffered by the Plaintiff and the 80/20 Class.

235.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the 80/20 Class.  Plaintiff's claims arise from the Defendants' company-wide policy of requiring all servers and bartenders to spend more than 20% of their workweek on non-tipped duties and side work without being paid the full applicable Florida minimum wage.

236.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the 80/20 Class.  Plaintiff has no interest that might conflict with the interests of the 80/20 Class.  Plaintiff is determined to pursue her claims against Defendants vigorously and has retained counsel competent and experienced in class and employment litigation.

237.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

238.    Defendants acted on grounds generally applicable to the 80/20 Class, thereby making relief appropriate with respect to the 80/20 Class as a whole.  Prosecution of separate actions by individual members of the 80/20 Class would create the risk of varying adjudications with respect to the individual members of the 80/20 Class that would establish incompatible standards of conduct for Defendants.

239.    The identity of the 80/20 Class is readily identifiable from Defendants' records.

240.    Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the 80/20 Class.

241.    Plaintiff and the 80/20 Class members performed the same job duties, as restaurant servers and bartenders, and were paid in an identical manner by Defendants based on Defendants requiring restaurant servers and bartenders to spend more than 20% of shifts and workweeks on non-tipped duties and side work without paying the restaurant servers and bartenders at least the full applicable Florida minimum wage.

242.    Plaintiff and the 80/20 Class members were not paid proper Florida minimum wages when their non-tipped duties and side work exceeded 20% of any workweek within the statute of limitations.

243.    Defendants were aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the 80/20 Class members in accordance with the law.

244.    This action is intended to include each and every restaurant server and bartender who worked for Defendants at their restaurant located at 168 SE 1st Street, Store 1A, Miami, FL 33131 during the past five (5) years who was required to spend more than 20% of their workweek performing non-tipped duties and side work.

245.    During all material times hereto, Plaintiff and all 80/20 Class members are/were non-exempt employees of Defendants.

246.    Restaurant servers' and bartenders' work for Defendants is an integral part of Defendants' business.

247. Defendants violated the terms of the FMWA and Florida Constitution's provision on minimum wages by not paying Plaintiff and the putative class members at least Florida's minimum wage for all hours worked.

248. In 2017, the Florida Minimum Wage was $8.10 per hour.

249. In 2018, the Florida minimum wage was $8.25 per hour.

250. In 2019, the Florida minimum wage was $8.46 per hour.

251. In 2020, the Florida minimum wage was $8.56 per hour.

252. From January 1, 2021, until September 29, 2021, the Florida minimum wage was $8.65 per hour.

253. From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

254. From September 30, 2023, through the present, the Florida Minimum Wage is/was $11.00 per hour.

255. During their employment, Plaintiff and one or more of the 80/20 Class members complained about the illegal practices above; however, Defendants took no action to stop any of the illegal practices.

256. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendants a Florida minimum wage demand before this claim was filed.

257. More than fifteen (15) calendar days have passed since Defendants received the Florida minimum wage demand letter and no payment has been tendered by Defendants to compensate Plaintiff and the putative 80/20 Class for the minimum wages owed.

258.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendants will retain the proceeds of their violations of the FMWA and Florida Constitution.

259.     Furthermore, even if every member of the 80/20 Class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

260.     The relief Plaintiff seeks is common to the entire class including, inter alia: (a) Payment by the Defendants of actual damages caused by their failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution; (b) Payment by the Defendants of liquidated damages caused by their intentional and/or willful failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution; (c) Payment by the Defendants of the costs and expenses of this action, including attorney's fees of Plaintiff's counsel.

261.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the 80/20 Class members have been damaged in the loss of Florida minimum wages for one or more weeks of work during their employment with Defendants.

WHEREFORE, Plaintiff, VIKTORIIA POPOVA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, INVESTMENTS 41 LLC d/b/a BLACK MARKET MIAMI and ERICK PASSO, individually, and award Plaintiff, and all others similarly situated: (a) unliquidated Florida minimum wages payable by Defendants, jointly and severally; (b) the tip credit unlawfully taken by Defendants, payable jointly and severally; (c) an equal

amount of liquidated damages, payable by Defendants, jointly and severally; (c) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution and Fla. Stat. § 448.110 to be paid by Defendants jointly and severally; and any and all such further relief as the Court deems just and reasonable under the circumstances.

### COUNT VII - COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
#### (80/20 COLLECTIVE)

262.    Plaintiff hereby re-avers Paragraphs 1 through 83 as though set forth fully herein.

263.    Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendants.

264.    Defendants claimed a tip credit for each hour of work for Plaintiff and all other Servers and Bartenders during all times material hereto (except for training periods).

265.    However, Plaintiff and the proposed collective members were subjected to similar violations of federal law as a result of the Defendants' failure to pay them the full minimum wage when they were required to spend more than 20% of their workweek performing non-tipped duties and side work.

266.    Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover of federal minimum wages for herself and the following similarly situated 80/20 Collective:

> **All servers and bartenders who worked for Defendants during the three (3) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and did not receive the full applicable minimum wage for this work.**

267.    Defendants willfully failed to pay Plaintiff and the putative collective members the full federal minimum wage for one or more weeks of work.

268.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendants.

269.     Defendants' willful and/or intentional violations of entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, VIKTORIIA POPOVA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, INVESTMENTS 41 LLC d/b/a BLACK MARKET MIAMI and ERICK PASSO, individually, and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wages payable by Defendants, jointly and severally; (b) the tip credit unlawfully taken by Defendants, payable jointly and severally; (c) an equal amount of liquidated damages payable by Defendants, jointly and severally; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA payable by Defendants, jointly and severally; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT VIII – FED. R. CIV. P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS (SUBSTANTIAL SIDE WORK CLASS)

270.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 83 as though set forth fully herein.

271.     Defendants claimed a tip credit for each hour of work performed by Plaintiff and all other Servers and Bartenders during all times material hereto (except for training period).

272.     Plaintiff and all other similarly situated servers and bartenders are/were entitled to be paid full Florida minimum wage for each hour worked during their employment with Defendants.

273.     Plaintiff seeks recovery of Florida minimum wages under Fed. R. Civ. P. 23 for herself and the following Substantial Side Work Class because of Defendants' failure to pay Florida's constitutionally mandated minimum wages:

> **All servers and bartenders who worked for Defendants on or after December 28, 2021, who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift.**

274.     Pursuant to state and federal law, any side work consisting of thirty (30) or more **continuous** minutes is considered "substantial" side work and must be paid at the full applicable minimum wage.

275.     Moreover, state and federal law forbids employers from claiming a tip credit whenever tipped employees are required to spend substantial time on side work and non-tipped duties.

276.     Defendants refused to compensate Plaintiff and all other servers and bartenders the full Florida minimum wage, including during shifts when they were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work.

277.     Defendants required Plaintiff all other servers and bartenders to arrive at opening shifts at least 30-minutes to 1-hour before Defendants' restaurant opened to the public. During this time, Defendants claimed a tip credit of approximately $3.02 per hour and paid Plaintiff and all other servers and bartenders less than the applicable state minimum wage.

278.     Moreover, Defendants required Plaintiff all other servers and bartenders to spend a minimum of 30-minutes to 1-hour during each closing shift on side work and non-tipped duties, including when the restaurant's kitchen was closed and when tipped employees could not earn tips. During this time, Defendants claimed a tip credit of approximately $3.02 per hour and paid Plaintiff and all other servers and bartenders less than the applicable state minimum wage.

279.     Because Plaintiff and all other similarly situated employees were forced to spend at least thirty (30) continuous minutes each shift on side work and non-tipped duties, Defendants are not permitted to take the applicable tip credit for this work and committed categorical Florida minimum wage violations when these regulations went into effect on December 28, 2021.

## RULE 23 CLASS ALLEGATIONS

280.     Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all restaurant servers and bartenders who worked for Defendants at their restaurant at 168 SE 1st Street, Store 1A, Miami, FL 33131 since December 28, 2021, who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift.

281.     The putative Substantial Side Work Class members are treated equally and similarly by Defendants, in that they were denied full and proper Florida minimum wages based upon the Defendants' class-wide requirement for servers and bartenders to spend thirty (30) or more continuous minutes on non-tipped duties and side work during each shift.

282.     *Numerosity:* Defendants employed at least 50 restaurant servers and bartenders at their restaurant at 168 SE 1st Street, Store 1A, Miami, FL 33131 since December 28, 2021 who were not paid Florida minimum wages as a result Defendants' requirement that these employees spend thirty (30) or more continuous minutes during each shift on non-tipped duties and side work. Given Defendants' size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

283.     Plaintiff and the Substantial Side Work Class members were victim to the same employment policies, including Defendants' requirement for these employees to spend thirty (30) or more continuous minutes during each shift on non-tipped duties and side work.

284.    *Commonality:* Common questions of law and fact exist as to all members of the Substantial Side Work Class and predominate over any questions solely affecting any individual member of the Substantial Side Work Class, including Plaintiff.  Such questions common to the Substantial Side Work Class include, but are not limited to, the following: (a) Whether Plaintiff and the Substantial Side Work Class were "employees" of Defendants; (b) Whether Plaintiff and the Substantial Side Work Class's hours were properly recorded; (c) Whether Defendants violated the Florida minimum wage rights of Plaintiff and the Substantial Side Work Class under the Florida Minimum Wage Act and Florida Constitution by requiring servers and bartenders to spend thirty (30) or more continuous minutes on non-tipped duties on side work; (d) Whether Defendants willfully or intentionally refused to pay Plaintiff and the Substantial Side Work Class Florida minimum wages; (e) Whether Defendants knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper time-keeping and payroll practices; and (f) The nature, extent, and measure of damages suffered by the Plaintiff and the Substantial Side Work Class based upon Defendants' conduct.

285.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Substantial Side Work Class.  Plaintiff's claims arise from the Defendants' company-wide requirement for servers and bartenders to spend thirty (30) or more continuous minutes on non-tipped duties and side work each shift.

286.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Substantial Side Work Class.  Plaintiff has no interest that might conflict with the interests of the Substantial Side Work Class.  Plaintiff is interested in pursuing her claims against Defendants vigorously and has retained counsel competent and experienced in class and employment litigation.

287.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

288.    Defendants have acted on grounds generally applicable to the Substantial Side Work Class, thereby making relief appropriate with respect to the Substantial Side Work Class as a whole.  Prosecution of separate actions by individual members of the Substantial Side Work Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Substantial Side Work Class that would establish incompatible standards of conduct for Defendants.

289.    Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Substantial Side Work Class.

290.    Plaintiff and the Substantial Side Work Class members performed the same job duties, as restaurant servers and bartenders, and were paid in an identical manner by Defendants. Defendants require all servers and bartenders to spend substantial time on non-tipped duties and side work during each shift, including 30 or more continuous minutes during opening and closing shifts when Defendants' restaurant is not open to the public. This caused state minimum wage violations during various workweeks after December 28, 2021.

291.     Defendants were aware of the requirements of the FMWA and Florida Constitution's Minimum Wage Amendment, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Substantial Side Work Class members in accordance with the law.

292.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of putative Substantial Side Work Class members exceeds 50 restaurant servers and bartenders.

293.     This action is intended to include each and every restaurant server and bartender who worked for Defendants in Sunrise, Florida, since December 28, 2021 who was required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift.

294.     During all material times hereto, Plaintiff and all Substantial Side Work Class members were non-exempt server and bartender employees of Defendants.

295.     Plaintiff and the Substantial Side Work Class members performed work as restaurant servers and bartenders which was integral to Defendants' business operations.

296.     Defendants violated the FMWA and Florida Constitution's provision on minimum wages by not paying Plaintiff and the putative Substantial Side Work Class members at least Florida's minimum wage for some hours worked.

297.     From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

298.     From September 30, 2023, through the present, the Florida Minimum Wage is/was $11.00 per hour.

299.    The additional persons who may become Plaintiffs in this action are servers and bartenders who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift after December 28, 2021.

300.    Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendants a Florida minimum wage demand letter before this claim was filed.

301.    More than fifteen (15) calendar days have passed since Defendants received the Florida minimum wage demand letter and no payment has been tendered by Defendants to compensate Plaintiff and the putative Substantial Side Work Class their Florida minimum wages.

302.    The relief sought is common to the entire class including, inter alia: (a) Payment by the Defendants of actual damages caused by their failure to pay Florida minimum wages pursuant to the Florida Constitution and Florida Minimum Wage Act; (b) Payment by the Defendants of liquidated damages caused by their failure to pay Florida minimum wages pursuant to the Florida Constitution and Florida Minimum Wage Act as a result of Defendants' intentional and/or willful violations; (c) Payment by the Defendants of the costs and expenses of this action, including attorney's fees of Plaintiff's counsel.

303.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the Substantial Side Work Class members have been damaged in the loss of Florida minimum wages for one or more weeks of work after December 28, 2021.

304.    Defendants' willful and/or intentional violations state law entitle Plaintiff and the putative Substantial Side Work Class members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, VIKTORIIA POPOVA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, INVESTMENTS 41 LLC d/b/a BLACK MARKET MIAMI and ERICK PASSO, individually, and award Plaintiff, and all others similarly situated: (a) unliquidated Florida minimum wages payable by Defendants, jointly and severally; (b) the tip credit unlawfully taken by Defendants, payable jointly and severally; (c) an equal amount of liquidated damages, payable by Defendants, jointly and severally; (c) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution and Fla. Stat. § 448.110 payable by Defendants, jointly and severally; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT IX – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (SUBSTANTIAL SIDE WORK COLLECTIVE)

305.    Plaintiff re-alleges and re-avers Paragraphs 1 through 83 as though fully set forth herein.

306.    Defendants claimed a tip credit under federal law for each hour of work for Plaintiff and all other Servers and Bartenders during the relevant time period.

307.    Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to be paid full federal minimum wage for all hours worked during their employment with Defendants.

308.    Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Substantial Side Work Collective:

> **All servers and bartenders who worked for Defendants on or after December 28, 2021, who were required to spend thirty (30) or more continuous minutes on non-tipped duties and side work during any shift.**

309.    Defendants violated the FLSA because they required Servers and Bartenders to spend thirty (30) or more continuous minutes on non-tipped duties and side work.

310.     Defendants required Plaintiff and all other Servers and Bartenders to spend substantial time working on tip supporting work, side work and non-tipped duties and claimed a tip credit for this work (instead of paying these employees the full applicable federal minimum wage).

311.     Because Plaintiff and all other similarly situated employees were forced to spend thirty (30) or more continuous minutes on tip supporting work, non-tipped duties and side work, Defendants are not permitted to take the applicable tip credit under federal law.

312.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work.

313.     Defendants' willful and/or intentional violations of entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, VIKTORIIA POPOVA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, INVESTMENTS 41 LLC d/b/a BLACK MARKET MIAMI and ERICK PASSO, individually, and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wages payable by Defendants, jointly and severally; (b) the tip credit unlawfully taken by Defendants, payable jointly and severally; (c) an equal amount of liquidated damages payable by Defendants, jointly and severally; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA payable by Defendants, jointly and severally; and any and all such further relief as the Court deems just and reasonable under the circumstances.

**COUNT X – FED. R. CIV. P. 23 CLASS ACTION**
**FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(TIP DISGOREMENT CLASS)**

314. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 83 as though fully set forth herein.

315. Defendants violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by requiring Servers and Bartenders to share their tips with non-tipped employees (such as supervisors, managers and Team Leads).

316. Plaintiff and the putative class did not voluntarily share their tips with supervisors, managers and/or Team Leads.

317. Defendants therefore forfeit any tip credit under Florida law and owe each Server and Bartender *at least* $3.02 for each hour of work they performed from March 23, 2018, through the presents.

318. On September 8, 2022, Plaintiff served Defendants with a written pre-suit Notice pursuant to Fla. Stat. § 448.110, on behalf of herself, and a class of all similarly situated Servers and Bartenders.

319. More than 15 days have elapsed since Plaintiff served her written pre-suit Notice on Defendants, and Defendants have failed to tender full payment to Plaintiff.

320. In 2017, the Florida Minimum Wage was $8.10 per hour.

321. In 2018, the Florida Minimum Wage was $8.25 per hour.

322. In 2019, the Florida Minimum Wage was $8.46 per hour.

323. In 2020, the Florida Minimum Wage was $8.56 per hour.

324. From January 1, 2021, through September 29, 2021, the Florida Minimum Wage was $8.65 per hour.

325. From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

326.    From September 30, 2022, through the present the Florida Minimum Wage is/was $11.00 per hour.

327.    Plaintiff and the proposed Tip Disgorgement Class members were subjected to similar violations of the FMWA and Florida Constitution.

328.    Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendants' failure to pay Florida minimum wages:

> **All servers and bartenders who worked for Defendants after March 23, 2018, who were required to share any of their tips with Supervisors, Managers or Team Leaders.**

### RULE 23 CLASS ALLEGATIONS

329.    Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Disgorgement Class").

330.    The putative Tip Disgorgement Class members are treated equally and similarly by Defendants, in that they were denied full and proper Florida minimum wages based upon Defendants' inclusion of non-tipped employees in its tip pool.

331.    *Numerosity:* Defendants employed in excess of 150 Servers in the class during the past five (5) years who were required to surrender a portion of their tips to Supervisors, Managers and Team Leaders; nevertheless, Defendants claimed a tip credit for these employees. Given Defendants' considerable size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

332.    Plaintiff and the class members were subject to the same employment policies.

333.    *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the

following: (a) Whether Plaintiff and the Tip Disgorgement Class were "employees" of Defendants; (b) Whether Plaintiff and the Tip Disgorgement Class's hours were properly recorded; (c) Whether Defendants violated the Florida minimum wage rights of Plaintiff and the Tip Disgorgement Class under the FMWA by permitting Supervisors, Managers and/or Team Leads to participate in the tip pool; (d) Whether Defendants willfully or intentionally refused to pay Plaintiff and the Tip Disgorgement Class Florida minimum wages as required under Florida law; (e) Whether Defendants knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (f) The nature, extent, and measure of damages suffered by the Plaintiff and the Tip Disgorgement Class based upon Defendants' conduct.

334.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Disgorgement Class.   Plaintiff's claims arise from Defendants' company-wide tip pooling arrangement which permits Supervisors, Managers and Team Leads to participate in the restaurant's tip pool with servers and bartenders.

335.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Disgorgement Class.  Plaintiff has no interest that might conflict with the interests of the Tip Disgorgement Class.  Plaintiff is interested in pursuing her claims against Defendants vigorously and has retained counsel competent and experienced in class and complex litigation.

336.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.   Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.   No difficulties are likely to be encountered in the management of this class action

that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

337.    Defendants have acted on grounds generally applicable to the Tip Disgorgement Class, thereby making relief appropriate with respect to the Tip Disgorgement Class as a whole. Prosecution of separate actions by individual members of the Tip Disgorgement Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Disgorgement Class that would establish incompatible standards of conduct for Defendants.

338.    Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Disgorgement Class.

339.    Plaintiff and the Tip Disgorgement Class members performed the same job duties, as servers and bartenders, and all participated in the same unlawful tip pool.

340.    Plaintiff and the Tip Disgorgement Class members were not paid proper Florida minimum wage during the relevant time period.

341.    Defendants were aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Disgorgement Class members in accordance with the law.

342.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of putative Tip Disgorgement Class members exceeds 150 servers and bartenders.

343.    This action is intended to include each and every server and/or bartender who worked at Defendants' restaurant located at 168 SE 1st Street, Store 1A, Miami, FL 33131, after March 23, 2018, who participated in Defendants' unlawful tip pool.

344.    During all material times hereto, Plaintiff and all Tip Disgorgement Class members were non-exempt server and/or bartender employees of Defendants.

345.    Plaintiff and the Tip Disgorgement Class members performed work as Servers and Bartenders which was an integral part of Defendants' business.

346.    Defendants violated the FMWA and Florida Constitution's provision on minimum wages by allowing Supervisors, Managers and/or Team Leads to participate in a tip pool with Servers and Bartenders and thus requiring Servers and Bartenders to share these tips with these individuals.

347.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same unlawful pay and tip practices as Plaintiff.

348.    Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendants a written pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

349.    A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

350.    A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely

will not obtain redress of their damages and Defendants will retain the proceeds of their violations of the FMWA and Florida Constitution.

351.    Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

352.    The relief sought is common to the entire class including, inter alia: (a) Payment by Defendants of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110; (b) Return of all tips unlawfully pilfered by Defendants; (c) Payment by Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendants' intentional and/or willful violations; (d) Payment by Defendants of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

353.    Plaintiff and the Tip Disgorgement Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendants in violation of the FMWA and Florida Constitution.

WHEREFORE, Plaintiff, VIKTORIIA POPOVA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, INVESTMENTS 41 LLC d/b/a BLACK MARKET MIAMI and ERICK PASSO, individually, and award Plaintiff, and the putative class: (a) unliquidated Florida minimum wage damages to be paid by Defendants, jointly and severally; (b) the tip credit unlawfully claimed by Defendants, payable by Defendants jointly and severally; (c) all tips unlawfully retained by Defendants, payable by Defendants jointly and severally; (d) liquidated damages to be paid by Defendants, jointly and severally; (e) all reasonable attorney's

fees and costs permitted under Fla. Stat. § 448.110 and Florida law to be paid by Defendants, jointly and severally, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

### COUNT XI – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (TIP DISGORGEMENT COLLECTIVE)

354.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 83 as though set forth fully herein.

355.    Plaintiff was entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked during her employment with Defendants.

356.    Defendants attempted to rely on the FLSA's tip credit but unlawfully permitted non-tipped employees (such as Supervisors, Managers and/or Team Leads) to participate in Defendants' tip pool along with servers and bartenders.

357.    Plaintiff and the putative class did not voluntarily share their tips with Supervisors, Managers and/or Team Leads.

358.    Defendants therefore must return all tips unlawfully retained by Supervisors, Managers and Team Leads **and** must pay Plaintiffs the tip credit claimed during the previous three (3) years.

359.    Plaintiff seeks to recover these federal minimum wages and tips under 29 U.S.C. § 216(b) for herself and the following Tip Disgorgement Collective for Defendants' failure to pay Plaintiff and the putative collective in accordance with federal law:

> **All servers and bartenders who worked for Defendants after March 23, 2018, who were required to share any of their tips with Supervisors, Managers, or Team Leaders.**

360.    Defendants knew Plaintiff performed work and knew Plaintiff was required to share tips with ineligible participants but willfully failed to pay Plaintiff full federal minimum wage, contrary to the FLSA.

361.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages and tips for one or more weeks of work during her employment with Defendants.

362.    Defendants' willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, VIKTORIIA POPOVA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, INVESTMENTS 41 LLC d/b/a BLACK MARKET MIAMI and ERICK PASSO, individually, and award Plaintiff, and the putative collective: (a) unliquidated federal minimum wage damages to be paid by Defendants, jointly and severally; (b) the tip credit unlawfully claimed by Defendants, payable by Defendants jointly and severally; (c) all tips unlawfully retained by Defendants, payable by Defendants jointly and severally; (d) liquidated damages to be paid by Defendants, jointly and severally; (e) all reasonable attorney's fees and litigation costs as permitted under the FLSA payable by Defendants, jointly and severally; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, VIKTORIIA POPOVA, on behalf of herself and each collective and class demands a trial by jury on all appropriate claims.

**Date: October 7, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-**
**JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on October 7, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 1018372

## SERVICE LIST