VIKTORIIA POPOVA, DARA LAMDEN,
on behalf of themselves and all others
 similarly situated,

      Plaintiffs,

v.

INVESTMENTS 41 LLC d/b/a BLACK
MARKET MIAMI, and ERICK PASSO,
individually,

      Defendants.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT OF FLSA CLAIMS AND JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE

Plaintiffs Viktoriia Popova and Dara Lamden ("Plaintiffs"), and Defendants, Investments 41, LLC, and Erick Passo ("Defendants") (collectively the "Parties"), through their respective counsel, hereby stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to Fed. R. Civ. P. 41(a)(1), subject to the Court's review and approval of the executed settlement agreement (the "Agreement") resolving Plaintiffs' claims under the Fair Labor Standards Act ("FLSA").   The Parties jointly move the Court for entry of an Order approving the Agreement and for dismissal of this action with prejudice.  A copy of the executed Agreement will be provided to the court for *in camera* inspection.

## I.    Background

Plaintiffs assert claims for alleged unpaid minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") based on Defendants' alleged violations of the

tip credit regulations. Defendants deny Plaintiffs' claims and assert that Plaintiffs were properly compensated for all hours worked. Additionally, Defendant Passo denies he is a proper defendant.

From the onset of this litigation, the Parties laid out their respective positions on the facts and law. A settlement conference was held with the magistrate judge which ultimately led the Parties to reach a negotiated settlement of this action under the terms set out in the Agreement. The Parties seek the approval only of the resolution of Plaintiffs' FLSA claim.

## II.    Legal Principles

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the court enters a judgment approving the fairness of the settlement. *Id.*; *see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp*., 163 F.2d 960, 961 (5th Cir. 1947). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a compromise is reached over issues, such as FLSA coverage or computation of back wages that are actually in dispute,

> we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiffs' FLSA claims. The proposed settlement arises out of an action filed by Plaintiffs against their former employer, which is adversarial in nature. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (finding *Lynn's Food* fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff employee is represented by counsel), *followed by Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012). During the litigation and settlement of this action, Plaintiffs were and are represented by counsel.

The Parties' settlement of Plaintiff's FLSA claim is the result of a *bona fide* compromise between them on a variety of disputes of law and fact, including without limitation: (a) whether Plaintiffs were paid the federal minimum wage; (b) whether Investments 41 applied a tip credit in relation to Plaintiffs; (c) the number of hours Plaintiffs allegedly worked performing various tasks for Investments 41 each shift and each workweek; (d) whether Plaintiffs kept all their tips; (e) whether the alleged actions of the Defendants were willful; (f) whether Defendants acted in good faith; and (g) whether any employees are similarly situated to Plaintiffs.

The following factors are typically considered by the Court in determining the reasonableness of the agreement:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* No. 6:05-CV-592-ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

As to the <u>*first factor*</u>, there is no fraud or collusion behind the settlement. Each party was represented by counsel experienced in FLSA matters and who regularly litigate labor and employment matters. After the parties exchanged relevant wage and hour records and other documents supporting each Parties' claim or defense, the Parties decided to resolve the claim because of the inherent risks and substantial costs of litigation. *Infra.*

As to the <u>*second factor*</u>, this action would have required the analysis of hundreds of documents and multiple depositions, briefing a motion for conditional certification, and if unsuccessful, then briefing a motion for decertification.[1] The Parties would have had to expend significant time and resources defending representative class motions, filing motions for summary judgment, and preparing for trial, as well as attending a three-to-five-day trial. The expense of litigation to Defendants is far greater than the amount of the settlement. Likewise, Plaintiffs' risk of losing the trial and the duration of the litigation weigh in favor of settlement.

As to the <u>*third factor*</u>, the litigation is currently in the pleading phase. Nonetheless, in compliance with the Court's order to provide records, the requirement to exchange initial disclosures, and to facilitate settlement, Defendants produced many records to Plaintiffs to address the disputed issues in this action. In the absence of this settlement, the Parties would have to engage in discovery, exchange and analyze numerous documents, respond to a motions for conditional certification of a collective action, and class certification, and depose each other's

---

[1] The Plaintiffs' intended to file a motion for class certification for their claims under the Florida Minimum Wage Act, which Defendants would also have had to defend.

witnesses.  As a result of the Parties' settlement conferral efforts, a resolution of this matter was reached without the need for extensive discovery and prolonged litigation.

As to the _fourth factor_, there are several disputed issues.  Defendant, Passo disputes he is a proper defendant. Defendants dispute that Investments 41 took a tip credit as to each Plaintiffs and other servers, and Plaintiffs' knowledge as to its policies and procedures prior to 2022. Defendants dispute Plaintiff, Popova's allegations as to the number of weeks and hours she worked for Investments 41, as well as the time Plaintiffs allegedly engaged in non-tip producing work. Defendants also dispute any allegation of disgorgement and that their actions were willful. The Defendants also allege they acted in good faith and had a basis for paying Plaintiffs in the way they were paid. Thus, there is a _bona fide_ dispute as to whether Plaintiffs are owed any wages.

As to the _fifth factor_, if Defendants would have prevailed on their defenses, Plaintiffs potentially may have recovered nothing or far less than what they are receiving under the settlement and may have owed a cost judgment to Defendants.  If Plaintiffs were to prevail, Defendants would potentially be indebted to Plaintiffs, and perhaps others, for a judgment for wages, for part or the entirety of Plaintiffs' claim, an award for liquidated damages, and attorney's fees and costs.  Consequently, the Parties recognize the inherent uncertainty in proceeding with this action, the preoccupation of litigation, the investment of additional time to continue litigating this case, and the additional expenditure of fees and costs that will accrue as this matter progresses. In recognition of these concerns, the Parties have agreed to resolve this action.

As to the _sixth factor_, counsel for the Parties believe the settlement is a fair and reasonable resolution of the FLSA claims.  Plaintiffs' counsel and Defendants' counsel are experienced attorneys with a significant background in FLSA litigation, including collective actions.

## III.  THE STIPULATED AND NEGOTIATED PAYMENT OF PLAINTIFFS' ATTORNEY'S FEES

Plaintiffs' attorney's fees and costs were negotiated separately from the amounts claimed by Plaintiffs for their underlying claims. As such, the recovery by Plaintiffs was not adversely affected by the amount of the attorney's fees and costs paid to their counsel. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16. *Furie v. Expel, LLC,* No. 3:19-CV-117-J-32PDB, 2019 U.S. Dist. LEXIS 235560, at *11 (M.D. Fla. Sep. 17, 2019)(following *Bonetti*, as the fees were separately negotiated, the court declared it unnecessary to conduct a lodestar review); *Texas v. New World Van Lines of Fla.*, No. 6:20-cv-445-RBD-LRH, 2021 U.S. Dist. LEXIS 110172, at *7-8 (M.D. Fla. June 10, 2021)(accepting the representations of the attorneys that the fees were separately negotiated, the Court accepts and approves the fees to be paid without further scrutiny).

The Parties respectfully stipulate that the quantum of attorney's fees and costs Defendants agreed to pay Plaintiffs and their counsel is fair. The Parties negotiated and Defendants have agreed to pay the sum of in the respective settlement agreements for fees and costs incurred by Plaintiffs. Bargained-for provisions on attorney's fees in a settlement agreement control the issue of attorney's fees. *Embree v. Medicredit, Inc.*, 752 F. App'x 697, 700 (11th Cir. 2018) (citing *Pottinger v. City of Miami*, 805 F.3d 1293, 1300 (11th Cir. 2015)).

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiffs and their counsel discussed the viability of Plaintiffs' claims and

formulated their own proposed settlement figures. The Parties then continued to engage in settlement discussions based upon their independent calculations.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys through the litigation and settlement process. The Agreement has been signed by the Parties.

## III.     Conclusion

For the foregoing reasons, the Parties jointly request that this Court approve the Parties' settlement agreement as to Plaintiff's FLSA claim and request that the Court dismiss this entire action with prejudice.

Respectfully submitted this 16th day of January 2023.

| | |
|---|---|
| **JACKSON LEWIS, P.C.** | **USA EMPLOYMENT LAWYERS** |
| One Biscayne Tower, Suite 3500 | **JORDAN RICHARDS, PLLC** |
| Two South Biscayne Blvd. | 1800 SE 10th Ave. Suite 205 |
| Miami, Florida 33131 | Fort Lauderdale, Florida 33316 |
| Ph: (305) 577-7600 | (954) 871-0050 |
| *Counsel for Defendants* | *Counsel for Plaintiff* |
| By: */s/ Adam Schultz, Esq.* | By: */s/ Jake S. Blumstein, Esq.* |
| PAUL F. PENICHET, ESQUIRE | JORDAN RICHARDS, ESQUIRE |
| Florida Bar No. 899380 | Florida Bar No. 108372 |
| ADAM SCHULTZ, ESQUIRE | JAKE S. BLUMSTEIN, ESQUIRE |
| Florida Bar No.121111 | Florida Bar No. 1017746 |
| *paul.penichet@jacksonlewis.com* | *jordan@jordanrichardspllc.com* |
| *adam.schultz@jacksonlewis.com* | *jake@jordanrichardspllc.com* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 16, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: _/s/ Jake S. Blumstein, Esq._
JAKE S. BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746

## SERVICE LIST:

**PAUL F. PENICHET, ESQUIRE**
Florida Bar No. 899380
**ADAM SCHULTZ, ESQUIRE**
Florida Bar No. 121111
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Blvd.
Miami, Florida 33131
Tel: (305) 577-7600
_Counsel for Defendants_