UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23260-DAMIAN

VIKTORIIA POPOVA and
DARA LAMDEN, on behalf of themselves
and all others similarly situated

    Plaintiffs,

vs.

INVESTMENTS 41 LLC d/b/a/ BLACK
MARKET MIAMI and ERICK PASSO,
individually,

    Defendants.
_____/

**ORDER ON THE PARTIES' JOINT MOTION FOR APPROVAL OF
SETTLEMENT AND DISMISSAL WITH PREJUDICE [ECF NO. 34]**

THIS CAUSE is before the Court on Plaintiffs, Viktoriia Popova and Dara Lamden's (collectively, "Plaintiffs"), and Defendants, Investments 41 LLC d/b/a Black Market Miami and Erick Passo's (collectively, "Defendants"), Joint Motion to Approve Settlement of FLSA Claims and Joint Stipulation for Dismissal with Prejudice, filed January 16, 2023. [ECF No. 34 ("Motion")]. This matter is before the undersigned pursuant to the parties' Consent to Proceed Before a Magistrate Judge, in which the parties jointly and voluntarily elected to have the undersigned conduct all further proceedings in this case. [ECF No. 30]. *See* 28 U.S.C. § 636(c)(1).

THIS COURT has considered the Motion, the proposed Settlement Agreements, the pertinent portions of the record, and the relevant legal authorities. The Court also heard from the parties, who appeared, through counsel, for a Zoom Fairness Hearing on January 17, 2023, and is otherwise fully advised in the premises. For the reasons set forth on the

record during the Fairness Hearing and below, the Court grants the Motion, approves the Settlement Agreements, and retains jurisdiction for 30 days to enforce its terms.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 7, 2022, Plaintiff Viktoriia Popova initiated this action by filing a complaint against Defendants. [ECF No. 1]. On December 16, 2022, Plaintiff Dara Lamden opted into the lawsuit. [ECF No. 27]. Also on December 16th, Plaintiffs filed the Amended Complaint, alleging, in part, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for unpaid minimum wages. *See* ECF No. 25 ("Amended Complaint"). According to the allegations in the Amended Complaint, Plaintiffs were servers and bartenders at Black Market Miami, a restaurant owned and operated by Defendants. *Id*. at ¶¶ 3-5, 12.

On July 7, 2022, Ms. Popova filed her Statement of Claim. [ECF No. 10 ("Statement of Claim")].[1] In the Statement of Claim, Ms. Popova estimates she is owed about $10,014.80 in unpaid wages in addition to liquidated damages in the amount of $7,872, plus attorneys' fees and costs, for the 32 weeks she allegedly worked for Defendants. *Id.*

On December 21, 2022, the undersigned held a settlement conference with the parties. [ECF No. 28]. Although the settlement conference ended in an impasse, shortly thereafter, on December 29th, the parties consented to the jurisdiction of the undersigned and then, on December 30th, filed a notice of settlement. [ECF Nos. 30, 32]. On January 16, 2023, the parties submitted the Motion now before the Court seeking approval of their proposed Settlement Agreements, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and dismissal of the action with prejudice. Mot. at ¶ 1.

---

[1] Plaintiff Dara Lamden opted into the lawsuit after Ms. Popova filed her Statement of Claim and did not submit a separate statement of claim before the parties settled.

In the Motion, the parties indicate that the settlement of Plaintiffs' FLSA claims are the result of a bona fide compromise between the parties and that the parties reached a settlement in this matter to avoid the burden, expense, and uncertainty of continued litigation. *See* Mot. at 3-4.

## II.     APPLICABLE LEGAL STANDARDS

Section 206 of the FLSA establishes the federally mandated minimum hourly wage, and Section 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. 29 U.S.C. §§ 206, 207. An employer who violates the FLSA is liable to its employee for any unpaid minimum and/or overtime wages, as well as an equal amount in liquidated damages. 29 U.S.C. § 216(b). The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived" between employers and employees. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). Nevertheless, there are two ways in which claims arising under the FLSA can be settled or compromised by employees: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee against his or her employer, if the parties present the district court with a proposed settlement agreement and the district court enters a stipulated judgment after scrutinizing the settlement for fairness. *See* 29 U.S.C. 216(c); *Lynn's*, 679 F.2d at 1352–53.

The Eleventh Circuit has held that the compromise of FLSA claims is allowed under the following circumstances:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for

> approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's*, 679 F.2d at 1354. Thus, an employee may compromise a claim if the district court determines that the compromise "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee (*i.e.*, "internal" factors), and whether the settlement frustrates the purpose of the FLSA (*i.e.*, "external" factors). Factors considered "internal" include: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–44 (M.D. Fla. 2010). There is a "'strong presumption' in favor of finding a settlement fair." *Walker v. Kirkman Mgmt., LLC*, No. 20-1149, 2022 WL 1037369, at * 2 (M.D. Fla. Mar. 18, 2022) (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)). Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

## III.   DISCUSSION

With the foregoing in mind, the Court has scrutinized the parties' proposed Settlement Agreements *in camera* for fairness. Defendants entered into separate settlement agreements with each Plaintiff. A review of the Agreements reflects they are substantially similar in all material and nonmaterial terms. Accordingly, the Court addressed both Agreements at the Fairness Hearing and herein.

### a.   *The Settlement Agreement*

The parties submitted the terms of the Settlement Agreements to the Court for *in camera* review due to confidentiality provisions in the Agreements. All parties are represented by counsel and agree the negotiated terms of the Agreements are fair and equitable considering the strengths and weaknesses of the parties' respective positions. Mot. at 5. The Court has scrutinized the terms of the Agreements, considered the above referenced factors, and heard from the parties, through their counsel, at the Fairness Hearing before the undersigned. As indicated above, the Court also presided over a settlement conference with the parties and is, therefore, familiar with the parties' claims, the amounts at issue, and the strengths and weaknesses of the parties' cases.

### b.   *The Settlement Amount*

As set forth on the record during the Fairness Hearing, the Court has reviewed all terms of the Agreements, including the settlement amount, *in camera*. Based on the parties' representations and their expressed concerns regarding the alleged FLSA claims, the Court finds the settlement amount indicated in both Agreements represents a fair and reasonable resolution of a bona fide dispute between the parties under all the circumstances presented and that Plaintiffs have not unfairly compromised their FLSA claims. Having found the

5

settlement amount is fair and reasonable, the Court addressed the specific terms of the Agreements with counsel.

### c. *Attorneys' Fees*

As part of the Settlement Agreements, Plaintiffs' counsel will receive attorneys' fees and costs. In an FLSA action, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In the Motion and at the Fairness Hearing, the parties represented that the amount to be paid to Plaintiffs' counsel was negotiated separately from the amount paid to Plaintiffs for their FLSA claims, such that Plaintiffs agreed the settlement amount was fair, separate and apart from consideration of the fees and costs paid to their counsel. Mot. at 6.

Based on the parties' representation that Plaintiffs' attorney's fees were agreed upon separately and without regard to the amount paid to Plaintiffs, and finding the Settlement Agreements are otherwise reasonable, the Court finds there is no reason to believe that Plaintiffs' recovery was adversely affected by the amount of fees paid to their attorneys. Therefore, the Court may approve the Settlement Agreements without separately considering the reasonableness of the fees to be paid to Plaintiffs' counsel. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

In any event, the Court finds that the amount of fees to be paid to Plaintiffs' counsel is reasonable under the circumstances presented. The Court may rely on its own experience in determining reasonableness of fees and does so here. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("[The court] itself an expert on the question [of reasonable hourly rates and hours expended] and may form an independent judgment either with or without the aid of witnesses as to value").

Accordingly, the Court finds the fees to be paid to Plaintiffs' counsel pursuant to the

Settlement Agreements are reasonable and have not adversely affected the amounts paid to Plaintiffs under the Agreements.

### d. Confidentiality Provision And Other Terms

The Agreements contain confidentiality provisions in which Plaintiffs agree not to disclose any information regarding the underlying facts regarding the Settlement Agreements.

Confidentiality provisions in FLSA settlement agreements are often rejected by district courts because courts consider them to "thwart Congress's intent to ensure widespread compliance with the FLSA." *Herrera*, 2021 WL 1602120, at *2 (citing cases). Moreover, "[j]udicial records are presumed to be public documents because '[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.'" *Smith v. Target Corp.*, No. 21-80307-CIV, 2021 WL 5366876, at *1 (S.D. Fla. Nov. 18, 2021) (quoting *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)). Therefore, a confidentiality provision in an FLSA settlement agreement "both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA right." *Mingo v. Ironclad Projects, LLC*, No. 19-CIV-62202, 2021 WL 8894997 at *4 (S.D. Fla. Mar. 1, 2021) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)).

The Settlement Agreements allocate a specific sum of the settlement amount as consideration for the confidentiality provisions. At the Fairness Hearing, the Court heard from counsel regarding the confidentiality of the Settlement Agreements. The parties agree that the confidentiality provisions are fair and reasonable, and Plaintiffs' counsel confirmed that Plaintiffs fully understands the confidentiality requirements. Accordingly, under the

circumstances presented here, the Court finds that the confidentiality provisions do not undermine the fairness of the Agreements.

In light of the Confidentiality provisions, the Court addressed the specific terms of the Agreements with the parties on the record but will not discuss them here. Upon review of the specific terms of the Agreements and after hearing from the parties, the Court finds the terms of the Agreements are fair and reasonable under all the circumstances presented.

### e.  *Non-Disparagement Provision*

The Agreements contain non-disparagement provisions where Plaintiffs agree to refrain from making false statements that are disparaging, demeaning, or defamatory about the Releasees.

Courts that have analyzed the issue of non-disparagement clauses in FLSA settlement agreements have also generally rejected them. *Dees v. Hydrady, Inc.*, No. 8:09–cv–1405–T–23TBM, 706 F. Supp. 2d 1227, 1242–43 (M.D. Fla. 2010); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260 (M.D. Ala. 2003); *Hanson v. Wells Fargo Bank, N.A.*, No. 08–80182–Civ, 2009 WL 1490582 (S. D. Fla. May 26, 2009). However, a number of cases have approved FLSA settlements in which the employee received additional consideration in exchange for non-cash concessions that went beyond the release of the FLSA claims. *DeGraff v. SMA Behavioral Health Serv., Inc.*, 945 F. Supp. 2d 1324, 1329–30 (M.D. Fla. 2013); *Caamal v. Shelter Mortgage Co., LLC*, No. 6:13–cv–706–Orl–36KRS, 2013 WL 5421955, *4 (M.D. Fla. Sept. 26, 2013).

During the Fairness Hearing, the Court addressed these provisions with counsel, both of whom agreed the provisions enabled the parties to reach swifter resolution. And Plaintiffs' counsel asserted that they fully understand the provisions and their implications.

Accordingly, the Court finds that the inclusion of the non-disparagement provisions does not undermine the fairness of the Agreements under the circumstances presented.

### f. *Retention of Jurisdiction*

Finally, the parties request the Court reserve jurisdiction for 30 days to enforce the terms of the Agreements. "To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough." *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1279 (11th Cir. 2012). During the Fairness Hearing, the parties clarified that the request for the Court to retain jurisdiction is based on the deadline for payment of the settlement amount. Accordingly, the Court finds the request to reserve jurisdiction to enforce the terms of the Agreements is reasonable.

## IV. FINDINGS

The Court has considered the factors outlined in *Lynn's Food Stores*; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective positions; and the parties' desires to resolve their disputes without protracted litigation.

As set forth on the record and above, the Court finds that the settlement represents a genuine compromise of a bona fide dispute. Defendants, who deny liability, have agreed to pay Plaintiffs more than they believe Plaintiffs are due under the law. The parties have agreed to settle because of reasonable strategic and financial considerations. The Court finds the Settlement Agreements promote the policy of encouraging settlement of litigation of FLSA claims. *Lynn's*, 679 F.2d at 1354.

The Court also finds that the settlement occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and

is fair and reasonable and that the amount claimed as payment for Plaintiffs' counsel's fees and costs is also reasonable.

## V. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the parties' Joint Motion to Approve Settlement of FLSA Claims and Joint Stipulation for Dismissal with Prejudice [ECF No. 34] is **GRANTED**, and the Settlement Agreements are **APPROVED** as fair and reasonable. It is further

**ORDERED AND ADJUDGED** that the Clerk shall **CLOSE** this case and all pending motions, if any, are **DENIED AS MOOT.** It is further

**ORDERED AND ADJUDGED** that the Court retains jurisdiction for 30 days to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Miami, Florida this 20th day of January 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record